# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP FOR THE BENEFIT OF HARBORVIEW 2005-7 TRUST FUND,<br><br>Plaintiff,<br><br>v.<br><br>GREGG MCCALLUM; JOHN MCCALLUM and DOES 1 through X, inclusive,<br><br>Defendants. | Case No. 11cv02740 BTM (BGS)<br><br>**ORDER** |

On September 14, 2011, the Plaintiff in the above-captioned matter filed an unlawful detainer action against the Defendants in the Superior Court of California, County of San Diego (Case No. 37-2011-00046865-CL-UD-CTL). On November 22, 2011, Defendant Gregg McCallum filed in this Court a "Notice of Removal from San Diego Superior Court" (Dkt. No. 1) and a "Motion for Leave to Proceed In Forma Pauperis" (Dkt. No. 2). On December 13, 2011, Plaintiff filed a "Motion to Remand to State Court" (Dkt. No. 3). For the reasons set forth below, the Court hereby GRANTS Defendant Gregg McCallum's Motion for Leave to Proceed In Forma Pauperis and REMANDS this case to San Diego Superior Court.

//

## I. Motion for Leave to Proceed In Forma Pauperis

Defendant Gregg McCallum, a nonprisoner proceeding pro se, has not paid the $350 civil filing fee required to remove this action, and instead seeks leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). 28 U.S.C. § 1915(a) allows the Court to authorize a party to proceed in a federal case without prepayment of fees if that party submits an affidavit, including a statement of all his assets, showing that he is unable to pay filing fees. See 28 U.S.C. § 1915(a). Defendant Gregg McCallum has submitted an affidavit establishing that he lacks the financial resources to pay filing fees. The Court therefore GRANTS Defendant Gregg McCallum's Motion for Leave to Proceed In Forma Pauperis.

## II. Subject-matter Jurisdiction

Plaintiff's motion to remand correctly argues that the Court lacks subject-matter jurisdiction over Plaintiff's state court complaint. Plaintiff's complaint (attached as an exhibit to Plaintiff's Request for Judicial Notice, Dkt. No. 3-3) brings no claim other than unlawful detainer pursuant to California Code of Civil Procedure § 1161a. Unlawful detainer actions arise under state law and do not require resolution of a substantial question of federal law. See U.S. Bank Nat'l Ass'n v. Lasoff, 2010 WL 669239 (C.D. Cal. Feb. 23, 2010) (holding that unlawful detainer action did not raise a federal question); HSBC Bank USA, NA v. Valencia, 2010 WL 546721 (E.D. Cal. Feb. 10, 2010) (remanding unlawful detainer action); Wells Fargo Bank, Nat'l Ass'n v. Cencil, 2010 WL 2179778 (N.D. Cal. May 27, 2010) (granting motion to remand unlawful detainer action). Any federal defenses or counterclaims Defendant may wish to bring do not give rise to federal question jurisdiction. Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 14 (1983) (explaining that a case may not be removed to federal court on the basis of a federal defense). Because this action arises under state law and does not require resolution of a substantial question of federal law, the Court REMANDS this action. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.")

### III.   Conclusion

For the reasons set forth above, the Court **GRANTS** Defendant Gregg McCallum's Motion for Leave to Proceed In Forma Pauperis and **REMANDS** this action to the Superior Court of California, County of San Diego.

**IT IS SO ORDERED.**

Dated: December 15, 2011

**HONORABLE BARRY TED MOSKOWITZ**
United States District Judge